Reese, J.
delivered the opinion of the court.
This is a suit at law against the surety in an injunction bond. The injunction was sued out by one Thomas Gregory to enjoin further proceedings in certain suits depending in the courts of law, in the name of these plaintiffs against him, *89 and to have an account. No judgments had been obtained at law.
In obediance to the fiat of the judge granting the writ of injunction, a bond, with surety was taken by the clerk and master of the chancery court, to which the defendant, James Black, became a party as one of the sureties. The words of condition in the bond are, “if the said Thomas Gregory prosecute his said bill with effect, or in case of failure pay all costs, charges and damages accruing in consequence of said failure, and shall further stand to, abide by, and perform the decree of the chancery court which may be made in this cause, then, &c.” Pending the suit in chancery, and before any decree, the said Thomas Gregory died. Administration was granted upon his estate and before any proceedings were taken to revive the suit in chancery, the administrator in pursuance to the provisions of the act of 1837, suggested the insolvency of said estate, and filed a general bill under said statute against all the creditors and others interested in said estate. The legal operation and effect of this proceeding was to suspend and enjoin all suits whatsoever against the estate, and to draw them all into the control, operation and scope of this general bill, unless presented in subserviency to it, and with a view to its action and results. The cases at law by force of this new injunction, were- thenceforth stopped, and it came in place and in aid of all other injunctions. In this state of things, the administrator filed his bill of revivor against Caruthers, Harris & Co. in the chancery court, and the suit was so prosecuted in said chancery courtjthat adecree was rendered against the administrator of Thomas Gregory for $ 11,818 49, to be levied of the goods and chattels, rights and credits of the said Thomas Gregory in the hands of the administrator to be administered &c., and thereupon the defendants in said suit, the said Caruthers, Harris & Co., “by their counsel, moved the. court for a judgment and decree against James Black and Jesse G. Raney, the sureties in the injunction bond, which motion was overruled by the court and it was further ordered, adjudged and decreed by this court, that the two suits at law, pending in the circuit court of Maury county, wherein said Caruthers, Harris & Co. are *90 plaintiffs, and Thomas Gregory the defendant, and the case pending in the said circuit court, wherein said Thomas Gregory was plaintiff, and Adlie O. Harris was' defendant, should be perpetually enjoined, and that the complainant, the said administrator of Thomas Gregory deceased, pay all the costs in the then several causes in the said circuit court enjoined as aforesaid, &c. And upon motion it was further ordered, adjudged and decreed by the court that the said defendants recover of the said administrator, and also of Jas. Black and Jesse G. Raney, the sureties of the complainant in the injunction bond, the costs of that cause in that court, and it was ordered that execution issue as at law for the same.” This decree remains in full force, unreversed and unannulled.
The facts herein before set forth are shown in the pleadings and in the record of the c'ase before us. Several points have been discussed before us, into which it is not necessary to go at length, as first, whether under the circumstances of the case, the clerk and master under the fiat of a judge had power in point, of law to take a bond with surety from the complainant praying an injunction, with conditions so comprehensive and stringent as the one in the record. As to this matter there is no statutory provision, nor any definite practice founded upon authoritative adjudication. Bonds are taken in this State, and have been for a long time, as a substitute for a deposit of money in court according to English custom, as better suiting the condition of our country and the circumstances of suitors in our courts of chancery.— When a judgment at law has been obtained and the object of the suit in chancery is to abate the amount of it or to set if aside upon some equitable ground, then it has been usual and proper to give bond for the amount of the judgment, conditioned for its payment in the event of failure in chancery.— But where before judgment at law, the investigation of the questions involved, have been drawn by injunction into the court of chancery upon the ground of a concurrent jurisdiction in that court, better adapted to the merits of the controversy, as in this case, it has.been more usual, as it is certainly more proper, that the condition of the bond should stipulate *91 for the payment-in case of.failure in the chancery suit, of costs and damages only. Yet although we think such should have been the bond in the. case upon the record; yet in the absence of legislation and adjudication, and from the nature of the duty of the judge in ordering the bond, we are compelled to regard the bond as taken, within the legal competency of the judge to order it, and the clerk to take it.
As to'the legal effect of the boncT as taken,.it is argued, that the covenant to stand to, abide by and perform the decree with reference to the decree which was actually made, means no more than that the sum decreed to be paid out of the assets to be administered pro rata, shall to that extent be faithfully paid, and is not an obligation on the. part of the sureties to pay the amount decreed. We cannot assent to the correctness of this construction. The faithful application of all the means of the principal will not in such an undertaking absolve the sureties from liability.- The undertaking to perforin the decree is broader than that, and means that the sureties, where money is decreed, shall pay the amount of the decree.
But we are of opinion, upon other grounds, that the judgment of the circuit court is erroneous, and must be reversed.
1st. There was a motion made in the chancery court by the counsel of the defendants in .that court, the plaintiffs in this suit at law for a judgment and decree against the sureties in the injunction bond. The court has jurisdiction to entertain such amotion against the sureties in the bond and to have given a decree againt them, if in other respects- it had been proper, because by the execution of the bond in that court, they had so far made themsélves parties to .the suit as to confer upon the court jurisdiction to decree against them. The bond being given in the court -of chancery under our practice as an indemnity to the opposite party, and in lieu of the money deposit .according to the English practice, it results from the nature and object of the proceeding, that it is incident to the power and duty of the chancery court, and convenient and proper in the enforcement and execution of its decrees, and to the full and ready administration of justice to the parties before it, that it should itself apply the indemnity *92 to secure the party, and not send them to litigation at law. This is so, upon the general grounds indicated and not by force of the act of 1817, which was not intended to confer upon the court a power which did not exist, orto enlarge its powers; but is directory to the clerk in the specified case, where there has been a judgment at law which has been dissolved upon motion or final hearing, to enter up, as a mat-' ter of course, judgment against the sureties in the bond.— This could have been ordered by the court, in such cases, without the aid of the statute, and may be ordered and decreed by the court in other cases not embraced in the statute. The principle here insisted on was decided many years ago in the case of sureties to a refunding bond, taken in a case in chancery upon the dissolution of an injunction; namely, that they were so far parties to the suit as to be decreed against upon the final hearing. And the same point was decided during the present term in relation to sureties for the price of land sold by the decree oí a court of chancery; and has been settled in many analogous cases. But we do not wish to be misunderstood. We do not think that the omission to decree against such sureties in the suit in chancery, ousts a court of law, or other court of chancery, in a proper case of jurisdiction, to enforce their liability. They are only collateral parties, and such omission would not have the effect to discharge them. Nor would the mere refusal of the court to decree against them on a motion made for that purpose, have the effect to discharge their liability. It would have that effect if it appeared that being properly before the court, such court adjudged upon its construction of the bond, that they were not liable, and such judgment remained in force and unreversed. That, in effect, was this case; the court adjudged on motion of Caruthers, Harris & Co., that the sureties in the bond were liable on the covenant to pay costs, and gave a judgment therefor, but refused to give a judgment on the covenant, to stand to, abide by and perform the award. And this judgment is unreversed; on this ground, therefore, we think .the matter adjudicated. Moreover, there is another principle connected with this question and arising upon this part of the record, namely: That it is *93 not competent to recover before one tribunal upon some of the covenants of the bond, and then sue upon other covenants before another tribunal, in a case where the party was alike liable before either tribunal, at the same time, for all the covenants in the entire instrument. The splitting up of entire liabilities into distinct suits, will not be permitted. It is violative of plain principles.
Being satisfied that the above is a valid ground for reversal, we do not deem it necessary to place the reversal upon another ground, which the statement of the case in this opinion presents, namely: That after the death of Gregory, and before the revival of the chancery suit, the general bill of the administrator to settle the whole estate, real and personal, according to the statute of 1837, was filed, which proceeding superseded the first injunction, took away all chance for indemnity, destroyed all priorities, and revived the suit as merely auxiliary to that proceeding.
Upon the whole, we reverse the judgment of the circuit court and give judgment for the plaintiff in error.